IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SELECT PORTFOLIO SERVICING, INC., | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civ. Action No. 3:23-cv-2398 |
| EVELYN COLLINS, JOSE N. ESTRADA, JUAN O. MARTINEZ, MARIA A. MARTINEZ AND MARIA O. MARTINEZ | § § § § § § | |
| *Defendants*. | § § | |

### DEFENDANTS JOSE N. ESTRADA, JUAN O. MARTINEZ, MARIA A. MARTINEZ, AND MARIA O. MARTINEZ'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

IRELAN McDANIEL, PLLC

Dean J. Siotos
State Bar No. 00793018
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
(713) 222-7666 – Phone
(713) 222-7669 – Facsimile
dsiotos@imtexaslaw.com

Bradford W. Irelan
State Bar No.10411550
Federal Bar No. 13607
2520 Caroline St., 2nd Floor
Houston, Texas 77004
(713) 222-7666 – Phone
(713) 222-7669 – Facsimile
birelan@imtexaslaw.com

## *Table of Contents*

**1. Summary of Reply Brief**..................................................................................4


**2. Supplemental Arguments and Authorities** ............................................................5

    I.   Plaintiff Failed to Respond to Motion to Dismiss ................................................5

    II.  Defendants Purchased the Property from
a Bona Fide Purchaser for Value Whose Purchase
was Beyond the Applicable Limitations Period....................................................6

    III. Plaintiff Offers No Support for Claim that
Defendants Are Not Bona Fide Purchasers .......................................................6

## *Table of Authorities*

### Statutes

Fed. R. Civ. P. § 12(b)(6) ......................................................................................... 4, 5, 7

Tex. Civ. Prac. & Rem. Code § 16.035 ............................................................................. 6

Tex. Civ. Prac. & Rem. Code § 16.035(e) ......................................................................... 7

Texas Civ. Prac. & Rem. Code § 16.069 .......................................................................... 6

### Cases

*Alexander v. Trump*, 753 F. App'x 201, 208 ................................................................... 4

*Averyt v. Grande, Inc.*, 717 S.W.2d 891, 898 (Tex. 1986) ............................................. 6

*Bitterroot Holdings, LLC v. Bank of N.Y. Mellon*, 2017 U.S. Dist. LEXIS 222644, *38 .................................................................................................................... 7

*Blockbuster, Inc. v. C-Span Entm't, Inc.*, 276 S.W.3d 482, 488 ..................................... 6

*Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) ...................................................... 4

*CA Partners v. Spears*, 274 S.W.3d 51, 65 (Tex. App.— Houston [14th Dist.], pet. denied) ........................................................................................................................ 7

*Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ..................................................... 4

*Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ....................... 4

*Lopez v. Rivas*, 2015 Tex. App. LEXIS, 4415, *7 ......................................................... 6

*Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) ............................................... 4

*Syphrett v. Nationstar Mortg. Co.*, L.L.C., 2020 Tex .App. LEXIS 8787 *48 ................ 6

*Tatum v. Tatum*, No. 14-11-00622-CV, 2012 Tex. App. LEXIS 3919, 2012 WL 1795112, at *2-3 (Tex. App.—Houston [14th Dist.] May 17, 2012, no pet.) ................ 6

*Troxel v. Bishop*, 201 S.W.3d 290, 294 (Tex. App.—Dallas 2006, no pet.) ................. 6

Defendants Jose N. Estrada, Juan O. Martinez, Maria A. Martinez, and Maria O. Martinez (collectively "Defendants") respectfully submit this Reply Brief in further support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. § 12(b)(6) against Plaintiff Select Portfolio Servicing, Inc. ("Plaintiff"), and would show the Court as follows:

## SUMMARY OF REPLY BRIEF

On November 27, 2023, this Court issued its Order Setting Briefing Schedule ("Order") directing that "Plaintiff must file a written response to the motion by December 22, 2023. The response must be accompanied by or incorporate a brief, and the response and the brief must not together exceed 30 pages in length, excluding any table of contents and table of authorities."[1]

1. Plaintiff failed to comply with the Order in that no response or supporting brief of any kind was submitted. Instead, Plaintiff filed its First Amended Complaint, adding Section VI., a "Matter of Avoidance," suggesting that Defendants Jose N. Estrada, Juan O. Martinez, Maria A. Martinez, and Maria O. Martinez "are not bona fide purchasers for value because they did not acquire the property for value." In the only attempt made to support this suggestion, Plaintiff further states that "[t]hese Defendants acquired the property for $100.00 per the General Warranty Deed filed in the Real Property Records of Dallas County, Texas. (See Exhibit J.)"[2] Plaintiff did not, in any capacity, challenge the facts and legal arguments establishing that Plaintiff's claims are barred by limitations.

2. Because (a) Plaintiff failed to comply with the Court's Order, (b) Plaintiff's challenge to Defendants' status as bona fide purchasers for value is not supported by

---

[1] *See* Document 14, Order Setting Briefing Schedule, page 1.
[2] *See* Document 19, First Amended Complaint, page 9.

3

facts, and (c) Plaintiff has raised no challenge to Defendants' claim that Plaintiff's suit is barred by limitations, the Court should grant the Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

## SUPPLEMENTAL ARGUMENTS AND AUTHORITIES

### I. Plaintiff Failed to Respond to Motion to Dismiss

3. "District courts may, for appropriate reasons, dismiss cases sua sponte."[3] A court may sua sponte dismiss a plaintiff's claims under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair;" this requires notice of the intent to dismiss and an opportunity to respond.[4] "Pre-dismissal notice and opportunity to respond are not needed 'if the plaintiff has [already] alleged his best case," which includes "(1) repeatedly declar[ing] the adequacy of that complaint in ... response to [the] defendant's motion to dismiss and (2) refus[ing] to file a supplemental complaint even in the face of a motion to dismiss."[5] The recommendation of a United States Magistrate Judge that a case be dismissed sua sponte with an opportunity for the plaintiff to object to it satisfies this requirement.[6] In this case, while Plaintiff has submitted its Amended Complaint, Plaintiff has wholly failed to file a response to the Motion Dismiss pursuant to the Court's Order Setting Briefing Schedule. Further, Plaintiff's Amended Complaint neither controverts nor even challenges the limitations arguments and supporting authorities in the Motion to Dismiss. As pertains the limitations issue raised by Defendants in the Motion to Dismiss, Plaintiff clearly has already alleged its best case; therefore, the granting of the Motion to Dismiss is appropriate.

---

[3] See *Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases).
[4] *Id*. at 498 (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)).
[5] *Id*. at 498 n.1 (citing *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)) (internal quotations omitted).
[6] See *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

4

## II. Defendants Purchased the Property from a Bona Fide Purchaser for Value whose Purchase was Beyond the Applicable Limitations Period

4. Plaintiff's Amended Complaint, while asserting that Defendants are not bona fide purchasers for value regarding the real property and improvements located at 2122 Village Way, Dallas, Texas 75216 (the "Property"),[7] makes no such claim with respect to Clarance Giles, the bona fide purchaser for value who purchased the Property from Evelyn Collins via the Warranty Deed recorded on September 15, 2021,[8] which is more than four (4) years after the March 26, 2017 maturity date for the underlying loan.[9] Under the applicable Texas statute of limitations,[10] Plaintiff was already time barred from foreclosing on the Property at the time of the conveyance to Giles.  Plaintiff's Amended Complaint does not dispute this fact, which Plaintiff essentially admitted in the Notice of Rescission of January 3, 2023 Foreclosure Sale (Notice of Rescission).[11]

## III. Plaintiff Offers No Support for Claim that Defendants Are Not Bona Fide Purchasers

5. The only basis argued by Plaintiff for the claim the Defendants are not bona fide purchasers for value is Plaintiff's misrepresentation of language in the General Warranty Deed from Clarence Giles to Defendants.[12]  Contrary to Plaintiff's assertion in its Amended Complaint, however, the Defendants did not acquire the Property "for $100."[13]  The deed actually states that the Property was conveyed "for in consideration of the sum of TEN AND NO/100 DOLLARS, cash and other good and valuable

---

[7] See Document 19, First Amended Complaint, page 9.
[8] See Document 19-1, Exhibit F to First Amended Complaint, Warranty Deed from Collins to Giles, pages 37-39.
[9] See Document 19-1, Exhibit A to First Amended Complaint, Loan Repayment and Security Agreement, pages 2-6.
[10] See TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a)-(b)
[11] See Document 12-4, Exhibit 4 to Motion to Dismiss.
[12] See Document 19-1, Exhibit J to First Amended Complaint, pages 55-57.
[13] See Document 19, First Amended Complaint, page 9.

5

consideration…"[14] Texas courts acknowledge the sufficiency of this language in contracts, including those for the purchase of land:

> "The deed states that, in addition to $10, "other good and valuable consideration" was given for the deed.  Deeds ordinarily embody such recitals of nominal consideration and "other good and valuable consideration."
>
> - *See*, e.g., *Averyt v. Grande, Inc.*, 717 S.W.2d 891, 898 (Tex. 1986); *Tatum v. Tatum*, No. 14-11-00622-CV, 2012 Tex. App. LEXIS 3919, 2012 WL 1795112, at *2-3 (Tex. App.—Houston [14th Dist.] May 17, 2012, no pet.); *Troxel v. Bishop*, 201 S.W.3d 290, 294 (Tex. App.—Dallas 2006, no pet.), cited in *Lopez v. Rivas*, 2015 Tex. App. LEXIS, 4415, *7.
>
> "The terms of the General Warranty Deed state that it was executed "in consideration of the sum of TEX DOLLARS ($10.00) cash, and other good and valuable consideration…
>
> …When an agreement is in writing, consideration is presumed and the party alleging lack of consideration has the burden to rebut that presumption."
>
> - *Blockbuster, Inc. v. C-Span Entm't, Inc.*, 276 S.W.3d 482, 488 (Tex. App.—Dallas 2008, pet. granted), cited in *Syphrett v. Nationstar Mortg. Co.*, L.L.C., 2020 Tex .App. LEXIS 8787 *48.

Again, Plaintiff has filed no response to the Motion to Dismiss, and offers no evidence or other information to indicate that the Property was conveyed without "good and valuable consideration" or for an amount that was "grossly inadequate."[15]

6.   As stated previously, "a void lien is forever void. It is no more. It has ceased to be. A party cannot fail to foreclose on a lien, lose the lien, and then revive the lien by filing a counterclaim in a trespass to try title lawsuit. Such an interpretation of the effect of [TEX. CIV. PRAC. & REM. CODE ANN.] section 16.069 would allow virtually any party to

---

[14] See Document 19-1, Exhibit J to First Amended Complaint, page 55.
[15] See Document 19, First Amended Complaint, page 9.

6

revive a void lien, wreaking havoc on foreclosure proceedings throughout the State of Texas. There is no support for such an interpretation."[16] "Acceleration is defined as the advancing of a loan agreement's maturity date. Once the maturity date of the last installment has passed, the holder may not 'accelerate' the note. Rather, the holder's cause of action accrues--and therefore limitations begins to run--on the maturity date of the final installment,"[17] which occurred on March 26, 2017.[18]  As Plaintiff's request for non-judicial foreclosure is time barred and Plaintiff fails to raise any basis for tolling, it must be dismissed under FED. R. CIV. P. § 12(b)(6).

WHEREFORE PREMISES CONSIDERED, Defendants Jose N. Estrada, Juan O. Martinez, Maria A. Martinez, and Maria O. Martinez respectfully requests that the Court grant their Motion to Dismiss Pursuant to FED. R. CIV. P. § 12(b)(6) and dismiss Plaintiff's claims with prejudice to refiling and for all further relief to which Defendants may be justly entitled.

---

[16] *Bitterroot Holdings, LLC v. Bank of N.Y. Mellon*, 2017 U.S. Dist. LEXIS 222644, *38.
[17] *CA Partners v. Spears*, 274 S.W.3d 51, 65 (Tex. App.— Houston [14th Dist.], pet. denied); TEX. CIV. PRAC. & REM. CODE § 16.035(e).
[18] See Document 19-1, Exhibit A to First Amended Complaint, page 2.

Respectfully submitted,

**IRELAN McDANIEL, PLLC**

*/s/ Dean J. Siotos*
Dean J. Siotos
State Bar No. 00793018
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
(713) 222-7666 – Phone
(713) 222-7669 – Facsimile
dsiotos@imtexaslaw.com

Bradford W. Irelan
State Bar No.10411550
Federal Bar No. 13607
2520 Caroline St., 2nd Floor
Houston, Texas 77004
(713) 222-7666 – Phone
(713) 222-7669 – Facsimile
birelan@imtexaslaw.com

**ATTORNEYS FOR DEFENDANTS
JOSE N. ESTRADA, JUAN O. MARTINEZ,
MARIA A. MARTINEZ, AND
MARIA O. MARTINEZ**

## CERTIFICATE OF SERVICE

I certify that on January 8, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties appearing on the Court's ECF service list.

*Via Electronic Service*
Mark D. Cronenwett
mcronenwett@mwzmlaw.com
Mackie Wolf Zientz & Mann, PC
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254

*/s/ Dean J. Siotos*
Dean J. Siotos